UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

**KAY GLOFF,**

**Plaintiff,**  Case No.:

v.

**ADVANCED UROLOGY
ASSOCIATES OF FLORIDA, P.L.,**
A Florida Limited
Liability Company

**Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KAY GLOFF (hereinafter referred as "GLOFF" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant ADVANCED UROLOGY ASSOCIATES OF FLORIDA, P.L. (hereinafter referred as "ADVANCED UROLOGY" or "Defendant"), pursuant Families First Coronavirus Response Act ("FFCRA") and Emergency Paid Sick Leave Act ("EPSLA"), which are enforced through sections 15(a)(3), 16 and 17 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216-217. *See* 29 C.F.R. § 826.150., and in support of states as follows:

## NATURE OF CASE

1. Congress enacted the FFCRA, in part, to safeguard employees impacted by the COVID-19 pandemic ("COVID-19).

2. ADVANCED UROLOGY is subject to the FFCRA.

3. Among the FFCRA's protections is the EPSLA.

4. The EPSLA mandates covered employers to provide up to two (2) weeks of paid sick leave and job protection for employees who, among other things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

5. Additionally, 29 C.F.R. § 826.150 prohibits employers from discharging, disciplining, or discriminating against any employee because employee took paid sick leave under the EPSLA.

6. Likewise, an Employer is prohibited from discharging, disciplining, or discriminating against any Employee because such Employee has filed any complaint or instituted or caused to be instituted any proceeding, including an enforcement proceeding, under or related to the EPSLA, or has testified or is about to testify in any such proceeding.

## PARTIES

7. GLOFF was hired by Defendant in February 2019.

8. Defendant operates a medical office.

9. GLOFF was employed in Vero Beach, FL.

## JURISDICTION & VENUE

10. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

11. This claim arises under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

12. GLOFF worked for Defendant in Indian River County, Florida.

13. Defendant conducts business in Indian River County, Florida.

14. Venue is proper in the Ft. Pierce Division of the Southern District of Florida pursuant to Local Rule 3.1.

## STATEMENT OF FACTS

15. PLAINTIFF was hired by Advanced Urology in February 2019

16. Plaintiff worked as a receptionist for DEFENDANT.

17. PLAINTIFF had no notable discipline on her record since her employment began.

18. Around July 14, 2020, PLAINTIFF began to feel ill and was experiencing Covid-like symptoms.

19. PLAINTIFF was told to get tested and to not return until she received negative test results.

20. PLAINTIFF was quarantined out of work between July 14, 2020, and July 20, 2020.

21. Upon receiving her negative results, PLAINTIFF returned to work.

22. PLAINTIFF inquired about being paid for the time she was out of work in quarantine.

23. Plaintiff's supervisor, Mr. Mike Shea ("SHEA"), indicated that PLAINTIFF would not receive any pay.

24. PLAINTIFF then showed SHEA that by law, she should have been paid for time she was out of the office waiting for her test results.

25. DEFENDANT then stated that they would need to contact their attorney regarding PLAINTIFF's request for pay.

26. On July 27, 2020, PLAINTIFF was terminated, only one week after her complaint of not being paid the time she was out of the office in quarantine.

27. Defendant's actions, including the failure to accommodate Plaintiff, were discriminatory.

28. Defendant's actions, including terminating Plaintiff, were discriminatory.

29. Defendant's actions, including terminating Plaintiff, were retaliatory.

30. Defendant interfered with Plaintiff's rights under FFCRA and EPSLA.

31. Defendant retaliated against Plaintiff in violation of his rights under FFCRA and EPSLA.

## **COUNT I – VIOLATION OF THE FFCRA/EPSLA**

32. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 31 above as if fully set forth herein.

33. The EPSLA requires employers to provide up to two weeks of paid sick leave and job protection for employees who, among other things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

34. These paid leave provisions apply to leave taken between April 1, 2020, and December 31, 2020.

35. Paid sick time under the EPSLA must be granted in addition to any pre-existing paid leave benefits provided.

36. The EPSLA also prohibits employers from requiring employees to use or exhaust their paid time off before availing themselves of paid leave under the Act.

37. Plaintiff was entitled to up to two weeks (or 80 hours) of paid sick

leave pursuant to the EPSLA because she was advised by her employer to self-isolate due to her unknown COVID-19 status.

38. Yet, ADVANCED UROLOGY blatantly disregarded its obligations under the EPSLA and did not pay PLAINTIFF for the time she spent in isolation.

39. This is a direct violation of EPSLA's requirements.

40. An Employer who fails to provide its Employee Paid Sick Leave under the EPSLA is considered to have failed to pay the minimum wage as required by section 6 of the FLSA, 29 U.S.C. 206, and shall be subject to the enforcement provisions set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

41. ADVANCED UROLOGY's violation of the EPSLA's requirements was willful.

42. As a direct and proximate result of ADVANCED UROLOGY's violation of the EPSLA, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any practice which violates the FFCRA or EPSLA;

b. Order Defendant to make Plaintiff whole, by compensating

Plaintiff for unpaid sick leave wages, lost wages and benefits, including front pay, back pay with prejudgment interest, liquidated damages, and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to the loss of her long-term employment as a result of Plaintiff's diagnosis and taking of sick leave;

c. Award attorney's fees and costs pursuant to FFCRA and EPSLA;

d. Award punitive damages; and

e. Award any other relief this Honorable Court deems just and proper.

## COUNT II – RETALIATION UNDER THE FFCRA

43. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 31 above as if fully set forth herein.

44. The EPSLA prohibits employers from discharging or otherwise discriminating against any employee because the employee took qualifying paid sick leave.

45. Plaintiff took qualifying sick leave due to COVID-19.

46. Plaintiff's sick leave due to COVID-19 was protected activity.

47. Despite the EPSLA's requirements, ADVANCED UROLOGY unlawfully terminated Plaintiff after she took leave as a result of her unknown COVID-19 diagnosis.

48. An Employer who discharges, disciplines, or discriminates against

an Employee in the manner described in subsection 29 CFR § 826.150 (a) is considered to have violated section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

49. ADVANCED UROLOGY violated Plaintiff's right under the EPSLA and FLSA.

50. Plaintiff's termination was an adverse employment action.

51. A causal connection exists between Plaintiff's protected activity and adverse employment action.

52. As a direct and proximate result of ADVANCED UROLOGY's retaliation, Plaintiff suffered damages.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any practice which violates the FFCRA or EPSLA;

b. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, liquidated damages, and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to the loss of her long-term

    employment as a result of Plaintiff's diagnosis and taking of sick leave;

c. Award attorney's fees and costs pursuant to FFCRA and EPSLA;

d. Award punitive damages; and

e. Award any other relief this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __12th__ day of April, 2022.

    Respectfully submitted,
    s/ Edward W. Wimp
    Edward W. Wimp, Esquire – LEAD COUNSEL
    FBN: 1015586
    Email: ewimp@theleachfirm.com

    Anthony Hall, Esquire
    FBN: 0040924
    Email: ahall@theleachfirm.com

    THE LEACH FIRM, P.A.
    631 S. Orlando Ave., Suite 300
    Winter Park, FL 32789
    Telephone: (407) 574-4999
    Facsimile: (833) 813-7513

    Attorneys for Plaintiff